# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| FREDERICK O. SILVER, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. SA-18-CV-1-XR |
| | § | |
| SHERIFF JAVIER SALAZAR, CHIEF | § | |
| WILLIAM MCMANUS, OFFICER M. | § | |
| GARCIA, NICHOLAS "NICO" LAHOOD, | § | |
| SHAWNTIA LAKIA SAUNDERS, AND | § | |
| OFFICER C. ORTIZ #1732, | § | |
| | § | |
| *Defendants*. | § | |

## ORDER

On this date, the Court considered the status of the above-captioned case. After careful consideration, the Court GRANTS Defendants' Motions to Dismiss (Docket nos. 20, 21, 22, 24) and notifies Plaintiff that it is considering dismissal of claims against Defendant Saunders *sua sponte*.

## BACKGROUND

Plaintiff brought this action on January 2, 2018. Docket no. 1. On January 29, 2018, Plaintiff filed an Amended Complaint, naming as Defendants Sheriff Javier Salazar, Chief William McManus, Officer M. Garcia, Nicholas "Nico" LaHood, Shawntia Lakia Saunders, and Officer C. Ortiz. Docket no. 14. Plaintiff brings claims under the Fourth, Eighth, and Fourteenth Amendments pursuant to 42 U.S.C. § 1983.

Plaintiff alleges that on December 28, 2017, Officer Garcia of the San Antonio Police Department arrested him "for reasons not know [*sic*] to Officer M. Garcia #0120 or Plaintiff at

1

the time of arrest." Docket no. 14 at 2–3. Plaintiff states he was advised when he was released from jail that he was arrested for Criminal Trespass Habitation/Shelter. *Id.* at 3. Plaintiff states he has "never had contact with Law Enforcement in San Antonio Bexar County Texas, or received any type of warning not to be anywhere." *Id.*

Plaintiff brings claims under the Fourth, Eighth, and Fourteenth Amendments, arguing he suffered violations from an unreasonable search, excessive bail, and lack of due process. *Id.* Plaintiff seeks his arrest record to be sealed, an award of $5,000,000 in punitive damages, that Defendant Saunders never contact him "for any reasons for the remainder of Her natural life," and for District Attorney LaHood to dismiss the offense of criminal trespass habitation/shelter against him. *Id.* at 4.

On February 7, 2018, Defendants Salazar, LaHood, Garcia, Ortiz, and McManus filed motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Docket nos. 20, 21, 22, 24. Defendant Saunders filed her answer to Plaintiff's complaint on February 21, 2018. Docket no. 28.

**DISCUSSION**

**I. Legal Standard**

To survive a 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief must contain: (1) "a short and plain statement of the grounds for the court's jurisdiction"; (2) "a short and plain statement of the claim showing that the pleader is entitled to the relief"; and (3) "a demand for the relief sought." FED. R. CIV. P. 8(a). In considering a motion to dismiss under Rule 12(b)(6), all factual allegations from the complaint should be taken as true,

and the facts are to be construed favorably to the plaintiff. *Fernandez-Montez v. Allied Pilots Assoc.*, 987 F.2d 278, 284 (5th Cir. 1993). To survive a 12(b)(6) motion, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

## II. Defendant Salazar's Motion to Dismiss

Sheriff Salazar argues that Plaintiff fails to sufficiently allege any action against him in his individual capacity or against the governmental entity he represents. As Salazar states, Plaintiff only references Salazar in the style of the case and the identification of the parties. The complaint is devoid of any facts that indicate Plaintiff has met his burden to state any claim against Salazar in his individual capacity.

To the extent that Plaintiff attempts to bring a claim against Sheriff Salazar in his official capacity, Plaintiff still fails to state a valid claim. Official-capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658, 690 n.55 (1978). For Plaintiff to state a valid claim under § 1983 against Bexar County, he must allege that there was "a policymaker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom." *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001) (citing *Monell*, 436 U.S. at 694). The unconstitutional conduct must be "directly attributable to the municipality through some sort of official action or imprimatur; isolated unconstitutional actions by municipal employees will almost never trigger liability." *Piotrowski*, 237 F.3d at 578. The municipal's policy or custom must cause the employee to violate a person's constitutional rights. *Fraire v. City of Arlington*, 957 F.2d 1268, 1277 (5th Cir. 1992).

Plaintiff fails to sufficiently allege any official policy, practice, or custom of Bexar County related to his arrest that could be the moving force behind the alleged violations of his constitutional rights. Plaintiff only alleges he was arrested in an isolated incident. Accordingly, Plaintiff fails to state a valid official-capacity claim against Salazar or Bexar County.

**III.     Defendant LaHood's Motion to Dismiss**

District Attorney LaHood argues that Plaintiff fails to sufficiently allege any action against him in his individual capacity or against the governmental entity he represents. Plaintiff only references LaHood in the style of the case, the identification of the parties, and his request for relief that LaHood dismiss the charges against him. The complaint is devoid of any facts that indicate Plaintiff has met his burden to state any claim against LaHood in his individual capacity. Further, as with Sheriff Salazar, Plaintiff fails to state a valid official-capacity claim against LaHood as District Attorney of Bexar County. Plaintiff fails to sufficiently allege any official policy, practice, or custom of Bexar County related to his arrest that could be the moving force behind the alleged violations of his constitutional rights. Plaintiff only alleges he was arrested in an isolated incident. Accordingly, Plaintiff fails to state any valid claim against LaHood.

**IV.     Defendants Garcia and Ortiz's Motion to Dismiss**

Officers Garcia and Ortiz argue that Plaintiff fails to sufficiently allege any action against them. Plaintiff only references Ortiz in the style of the case and the identification of the parties. The complaint is devoid of any facts that indicate Plaintiff has met his burden to state any claim against Ortiz in his individual capacity that is plausible on its face.

The only factual allegation that Plaintiff states regarding Officer Garcia is that Garcia arrested Plaintiff for reasons not known to Garcia at the time of arrest. Plaintiff first alleges a civil rights violation of due process under the Fourteenth Amendment, and in the same section of

4

the complaint, states his Fifth Amendment rights were also violated. But as Defendants argue, "the due process component of the Fifth Amendment applies only to federal actors." *Blackburn v. City of Marshall*, 42 F.3d 925, 930 n.3 (5th Cir. 1995). Plaintiff does not allege that San Antonio Police Officer Garcia is a federal actor. The proper analysis for such Plaintiff's claim is made under the Fourteenth Amendment. However, if a constitutional claim is covered by a specific constitutional provision, the claim should be analyzed under the standard appropriate to that specific provision, not under substantive due process. *Petta v. Rivera*, 143 F.3d 895, 900–01 (5th Cir. 1998) (citing *United States v. Lanier*, 520 U.S. 259, 272 n.7 (1997)). Because Plaintiff alleges he was subject to an unreasonable seizure, Plaintiff's claim is properly analyzed under the Fourth Amendment.

For the "constitutional torts" of false arrest, unreasonable seizure, and false imprisonment, a plaintiff must show that an officer lacked probable cause. *Brown v. Lyford*, 243 F.3d 185, 189 (5th Cir. 2001). Probable cause exists "when the totality of the facts and circumstances within a police officer's knowledge at the moment of arrest are sufficient for a reasonable person to conclude that the suspect had committed or was committing an offense." *Haggerty v. Texas S. Univ.*, 391 F.3d 653, 655 (5th Cir. 2004) (quoting *Glenn v. City of Tyler*, 242 F.3d 307, 313 (5th Cir. 2001)). Plaintiff only alleges that Garcia arrested him "for reasons not know [*sic*] to . . . Garcia . . . or Plaintiff at the time of arrest." Plaintiff only makes a conclusory allegation of unreasonable seizure or false arrest. Plaintiff fails to sufficiently allege any facts such that a claim for unreasonable seizure is plausible on its face.

Plaintiff also alleges a violation of his Eighth Amendment rights because he was allegedly subjected to excessive bail. As Defendants argue, based on Plaintiff's complaint, he was not a convicted prisoner when he was put in jail. Based on Plaintiff's allegations, he appears

to have been a pretrial detainee. "The constitutional rights of a pretrial detainee are found in the procedural and substantive due process guarantees of the Fourteenth Amendment." *Estate of Henson v. Wichita Cty., Tex.*, 795 F.3d 456, 462 (5th Cir. 2015) (citing *Hare v. City of Corinth, Miss.*, 74 F.3d 633, 639 (5th Cir.1996) (en banc)). If the State "by the affirmative exercise of its power so restrains an individual's liberty that it renders him unable to care for himself, and at the same time fails to provide for his basic human needs . . . it transgresses the substantive limits on state action set by the Eighth Amendment and the Due Process Clause." *DeShaney v. Winnebago Cty. Dep't of Soc. Servs.*, 489 U.S. 189, 200 (1989). But even if the Court analyzes Plaintiff's Eighth Amendment claim under the standard for due process, Plaintiff still fails to sufficiently allege a constitutional violation against Garcia. Plaintiff states no facts with respect to Garcia related to any alleged excessive bail. Plaintiff only alleges that Garcia arrested him before he was put in jail. Plaintiff fails to state a valid Eighth Amendment claim against Officer Garcia.

To the extent that Plaintiff attempts to allege any official-capacity claims against Garcia and Ortiz, Plaintiff fails to sufficiently allege any official policy, practice, or custom related to his arrest that could be the moving force behind the alleged violations of his constitutional rights. Accordingly, Plaintiff fails to state a valid claim against Officers Garcia and Ortiz.

V.  **Defendant McManus's Motion to Dismiss**

Chief of Police William McManus argues that Plaintiff fails to sufficiently allege any action against him in his individual capacity or against the governmental entity he represents. Plaintiff only references McManus in the style of the case and identification of the parties. The complaint is devoid of any facts that indicate Plaintiff has met his burden to state any claim against McManus in his individual capacity. Further, as with the other moving Defendants, Plaintiff fails to state a valid official-capacity claim against McManus as Chief of Police.

6

Plaintiff fails to sufficiently allege any official policy, practice, or custom of the City of San Antonio related to his arrest that could be the moving force behind the alleged violations of his constitutional rights. Plaintiff only alleges he was arrested in an isolated incident. Accordingly, Plaintiff fails to state any valid claim against McManus.

VI. **Plaintiff's Claims Against Defendant Shawntia Saunders**

Plaintiff names Shawntia Lakia Summers as Co-Defendant in this case. Plaintiff, however, only references Saunders in the style of the case, the identification of the parties, and his request for relief that Saunders never contact him "for any reason for the remainder of Her natural life." A district court may dismiss a claim on its own motion, as long as it provides notice of its intention and an opportunity to respond. *Davoodi v. Austin Indep. Sch. Dist.*, 755 F.3d 307, 310 (5th Cir. 2014). Plaintiff does not complain of any action taken by Saunders that indicates he has met his burden to state any claim against her. Thus, Plaintiff's claims against Saunders should be dismissed *sua sponte* for failure to state a claim upon which relief can be granted.

## CONCLUSION

For the foregoing reasons, Defendants' Motions to Dismiss (Docket nos. 20, 21, 22, 24) are hereby GRANTED, and all claims against Defendants Salazar, LaHood, Ortiz, Garcia, and McManus are DISMISSED WITHOUT PREJUDICE.

Further, having considered whether to *sua sponte* dismiss certain other claims, the Court finds that the claims against Defendant Saunders should be dismissed for failure to state a claim upon which relief should be granted. Plaintiff is hereby given notice of the Court's intention to dismiss these claims and the reasons for the dismissal. Plaintiff shall respond to the Court's notice of intent to dismiss by providing his reasons in writing, either in an Amended Complaint

or in written briefing, as to why he believes the claims against Defendant Saunders should not be dismissed, no later than **March 20, 2018**.

It is so ORDERED.

SIGNED this 6th day of March, 2018.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE